IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN HARRIS, : | |
|     Petitioner, : | |
| v. : | Civ. No. 12-6981 |
| : | |
| THE ATTORNEY GENERAL : | |
| OF THE STATE OF, : | |
|     Respondent. : | |

## O R D E R

Petitioner Shawn Harris has filed *pro se* objections to the Magistrate Judge's recommendation that I dismiss his habeas Petition as untimely. 28 U.S.C. § 2254; *(Doc. No. 6 at 1.)* Petitioner does not address the timeliness issue, however, but only reiterates the arguments he raised in his Petition respecting the Petition's merits. Accordingly, I could consider the Magistrate Judge's recommendation unopposed. See Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error of the record in order to accept the recommendation.").

In any event, it is plain that the Petition is untimely. Petitioner's state court judgment of sentence became final on April 16, 1997. *(Doc. No. 6 at 5.)* Petitioner did not file the instant Petition until December 9, 2012—fourteen years after the limitations period had expired. *(Id. at 6.)* Although he argues in his Petition that newly discovered evidence excuses this delay, Petitioner waited three years after discovering this evidence to seek habeas relief. See 28 U.S.C. § 2244(d)(1) (Petitioner must file within one year of discovering new evidence). Because Petitioner's PCRA Petitions were untimely, statutory

tolling is also not available. Id. at §2244(d)(2). Petitioner has also failed to establish that equitable tolling applies because he did not diligently pursue his rights or establish that "extraordinary circumstances" justified his failure to act within the limitations period. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (equitable tolling standard). In these circumstances, the Magistrate Judge properly determined that the habeas Petition is time-barred.

**AND NOW**, this 26th day of February, 2013, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Magistrate Judge's Report and Recommendation and Petitioner's objections, it is hereby **ORDERED** that:

1. The Report and Recommendation *(Doc. No. 6)* is **APPROVED and ADOPTED**.
2. Petitioner's Objections *(Doc. No. 7)* are **OVERRULED.**
3. The Petition for a Writ of Habeas Corpus *(Doc. No. 1)* filed pursuant to 28 U.S.C. § 2254 is **DISMISSED without prejudice**.
4. There is no basis to issue a certificate of appealability.
5. This case shall be marked closed for statistical purposes.

                       **AND IT IS SO ORDERED.**

                       */s/ Paul S. Diamond*
                       _____
                       Paul S. Diamond, J.